## KING v. HUDSON RIVER REALTY CO.

(Supreme Court, Appellate Division, First Department.  December 30, 1910.)

1. APPEAL AND ERROR (§ 883*)—OBJECTIONS—EXCLUSION OF EVIDENCE—NECESSITY.

Where, in an action for breach of a vendor's contract to construct the streets and sidewalks adjacent to the lot sold, defendant acquiesced in the court's ruling that a year was a reasonable time within which to make such improvements, its objection to the exclusion of evidence, offered to show the character and extent of the improvements, will not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 883.*]

2. VENDOR AND PURCHASER (§ 342*)—REMEDIES OF PURCHASER—BREACH OF CONTRACT OF SALE.

The failure of a vendor of lots to construct streets and sidewalks adjacent thereto within the time provided therefor by the contract of sale as construed, not being an entire breach of the contract, only authorized the purchaser to rescind, or to sue for damages caused by delay in performing the contract.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 342.*]

3. VENDOR AND PURCHASER (§ 351*)—REMEDIES OF PURCHASER—ACTIONS FOR DAMAGES—MEASURE OF DAMAGES—BREACH OF CONTRACT OF SALE.

A purchaser's measure of damages for failure to complete and construct streets and sidewalks adjacent to the lots sold, to conform to the streets and sidewalks on the other side of the street as agreed, was the difference between the value of the property as it was when the work was completed and as it would have been if the work had been done according to such standard.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 1047–1058; Dec. Dig. § 351.*]

Appeal from Trial Term, New York County.

Action by Albert V. King against the Hudson River Realty Company. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Franklin Pierce, for appellant.
Alexander S. Bacon, for respondent.

MILLER, J.   The defendant owned, and was engaged in improving, a tract of land in Bergen county, N. J., opposite Ft. Lee Ferry, on the north side of what is known as "Columbia Avenue." An affiliated company, the Central Land Company, owned the land south of Columbia avenue. On the 9th of May, 1906, the defendant contracted to convey to the plaintiff certain lands abutting on Columbia avenue and Cumbermead Road, south of Columbia avenue. Two thousand five hundred dollars was paid down, and, upon the conveyance being made, mortgages for $22,500 were taken for the balance of the purchase price. The mortgages were assigned by the defendant to the Indus-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

trial Savings & Loan Company, and, the plaintiff having defaulted in his interest, a foreclosure was begun in May, 1907, resulting in a sale of the premises in November, 1907. The contract contained this provision:

"As a part of the consideration for the said purchase price, this company hereby agreed to build proper streets and sidewalks, as shown by said map, on which these lots abut, and put in a sewer."

This action is brought for breach of that agreement. The evidence shows that a substantial part at least of the work agreed upon had been done by September, 1907. The streets had been graded and macadamized, gravel walks had been laid, and sewers had been put in. The court ruled as matter of law that "proper streets and sidewalks" meant the kind of streets and sidewalks constructed by the defendant on the north side of Columbia avenue. No exception appears to have been taken to that ruling, although the appellant now claims that the character of the improvement on the north side differed widely from that on the south side.

The action was brought on the theory of a total breach of the contract, and the learned counsel for the respondent now argues that, although some trifling work was done, there was substantially a total failure of performance. However, as we read this record, the only question of fact on this head was whether the improvements, as finally completed, complied with the standard fixed by the court; it being claimed that the crown of the streets was not as high as those on the north side of Columbia avenue, that the sidewalks and gutters were not in as good condition, that there was no curbing, and that a manhole of the sewer projected above the surface of the street.

The court also ruled as matter of law that a year was a reasonable time within which to make the improvements, and excluded evidence to show the character and extent of the improvements in which the defendant was then engaged. The exceptions to the exclusion of such evidence present no question for review, for the reason that the defendant acquiesced in the ruling that a year was a reasonable time. The year expired May 9, 1907, and, while some work had been done by the defendant at that time, the work agreed upon was substantially undone, except that there was a sewer in one of the streets upon which the property abutted at the time the contract was made. However, the failure to do the work in time did not amount to a total breach of the contract. It may have given the plaintiff the right to rescind the contract, but that right was not exercised.

According to the said rulings, acquiesced in by both sides, the plaintiff was entitled to the damages sustained by the delay beyond the year in performing the contract and by the failure to do the work in the manner agreed upon. There was no attempt to prove damages for delay. The damages for failure to complete according to the standard fixed by the court was the difference between the value of the property as it actually was when the work was completed and as it would have been if the work had been done according to said standard.

But there is no evidence on that head. The plaintiff called two real estate experts, who testified to the value of the property in May, 1906, and to what its value would have been with the improvements agreed upon completed, and that there was no substantial change in values for a year thereafter. But that evidence is wholly insufficient to support the verdict in this case; for, upon this record, it is impossible to say that the plaintiff sustained anything but nominal damages. The point was called to the attention of the court and counsel by the motion to dismiss, and is raised by the appeal from the order denying the motion to set aside the verdict. While technically the plaintiff may have been entitled to a verdict for nominal damages, if the jury found the other facts in his favor, a verdict for $5,600.31 was without any evidence to support it, and should have been set aside.

The judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.